J-S52034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TILLMAN TYRONE STEWART | |
| Appellant | No. 740 EDA 2014 |

Appeal from the PCRA Order February 21, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006664-2005

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 23, 2014**

Appellant, Tillman Tyrone Stewart, appeals from the order entered in the Bucks County Court of Common Pleas, denying his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On August 19, 2005, Appellant shot and killed the victim after Appellant fired a gun several times into a crowd of people.  Appellant entered a negotiated guilty plea on July 10, 2006, to second degree murder and related offenses.  That same day, the court sentenced Appellant to mandatory life imprisonment without parole for the murder conviction.  This Court affirmed the judgment of sentence on April 1, 2008.  ***See***

_____

*Former Justice specially assigned to the Superior Court.

*Commonwealth v. Stewart*, 953 A.2d 840 (Pa.Super. 2008) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

The docket entries indicate Appellant filed a counseled PCRA petition on August 28, 2012. The PCRA court issued notice on January 6, 2014, of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court denied Appellant's petition on February 21, 2014. On March 3, 2014, Appellant timely filed a counseled notice of appeal. The PCRA court ordered Appellant on March 5, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 14, 2014.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED BY FAILING TO APPLY *MILLER V. ALABAMA*, *GRAHAM V. FLORIDA* AND *ROPER V. SIMMONS*, WHICH STAND FOR THE PROPOSITION THAT MEN UNDER AGE 25 DO NOT HAVE FULLY DEVELOPED BRAINS, AND THEREFORE THEY SHOULD BE TREATED AS JUVENILES FOR CONSTITUTIONAL PURPOSES, THUS MAKING IT UNCONSTITUTIONAL TO SENTENCE A MAN UNDER 25 TO A MANDATORY MINIMUM OF LIFE WITHOUT PAROLE (LWOP) FOR MURDER.

(Appellant's Brief at 4).

As a preliminary matter, we must determine whether Appellant timely filed his PCRA petition. *Commonwealth v. Harris*, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely

- 2 -

PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Additionally, a petitioner asserting a timeliness exception must file a petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on May 1, 2008, upon expiration of the 30 days to file a petition for allowance of appeal with our Supreme Court. The docket entries indicate Appellant filed his PCRA petition on August 28, 2012, more than four (4) years after his judgment of sentence became final. Accordingly, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Nevertheless, Appellant argues that new constitutional rights recently recognized by the United States Supreme Court in **Miller v. Alabama**, ____ U.S. ____, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)[1] excuse the untimeliness

_____

[1] In **Miller**, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole for those under the age of eighteen (18) at the time of their crimes violates the Eighth
*(Footnote Continued Next Page)*

of his PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Appellant alleges that under *Miller*, which Appellant contends applies retroactively, Appellant's sentence of life imprisonment without parole is a violation of Article I, Section 13 of the Pennsylvania Constitution. Appellant acknowledges he was over eighteen (18) years-old at the time of the offenses, but he claims that men under the age of twenty-five (25) years-old have underdeveloped brains and should be treated as juveniles. Appellant concludes this Court must vacate and remand for resentencing. We disagree.

In the present case, Appellant was twenty-four (24) years-old when he shot and killed the victim. Thus, *Miller* does not create for Appellant a newly recognized constitutional right exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii); *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (explaining *Miller* did not create newly-recognized constitutional right that serves as exception to PCRA time restrictions, where petitioners were twenty-one (21) and nineteen (19) years old, respectively, when they committed underlying crimes).

Moreover, the United States Supreme Court filed *Miller* on June 25, 2012. Thus, any petition alleging a newly recognized constitutional right had

*(Footnote Continued)* ─────────────

Amendment's prohibition on cruel and unusual punishments. ***See Miller, supra*** at \_\_\_, 132 S.Ct. at 2469, 183 L.Ed.2d at \_\_\_.

to be filed by August 24, 2012. ***See Commonwealth v. Brandon***, 51 A.3d 231 (Pa.Super. 2012) (explaining 60-day period runs from date of underlying judicial decision for purposes of Section 9545(b)(1)(iii)). The docket entries indicate Appellant filed his PCRA petition on August 28, 2012. So, even if ***Miller*** could apply to Appellant, he failed to meet the 60-day rule. ***See*** 42 Pa.C.S.A. § 9545(b)(2).[2]

In any event, on October 30, 2013, our Supreme Court announced that ***Miller*** does not apply retroactively to judgments of sentence which became final before the filing date of ***Miller*** (June 25, 2012). ***See Commonwealth v. Cunningham***, ___ Pa. ___, 81 A.3d 1 (2013). The U.S. Supreme Court has denied *certiorari* in ***Cunningham***. ***See Cunningham v. Pennsylvania***, 2014 WL 797250 (filed June 9, 2014). Accordingly, the PCRA court properly denied Appellant's petition.

Order affirmed.

_____

[2] Appellant also cites the United States Supreme Court decisions in ***Roper v. Simmons***, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (dealing with juveniles and death penalties), filed on March 1, 2005, and ***Graham v. Florida***, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (dealing with juveniles and life sentences for non-homicide offenses), filed on May 17, 2010. Neither case is apposite, because Appellant was not a juvenile when he shot and killed the victim, Appellant did not receive the death penalty, and Appellant committed a homicide.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/23/2014