COMMONWEALTH of Pennsylvania,
Appellee

v.

**Curtis BRANDON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 9, 2012.

Filed Aug. 14, 2012.

Curtis Brandon, appellant, pro se.

Michael W. Streily, Deputy District Attorney, Amy E. Constantine, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: DONOHUE, J., LAZARUS, J., and STRASSBURGER, J.*

OPINION BY LAZARUS, J.

Curtis Brandon appeals, *pro se*, from the order of the Court of Common Pleas of Allegheny County dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq.* Upon review, we affirm.

Brandon was charged with criminal homicide [1] and criminal conspiracy [2] arising out of an incident that occurred on August 20, 1988, in which Brandon struck the victim on the head with a baseball bat several times. Prior to that, the victim had also been shot in the back by another individual

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 2501(a).

2. 18 Pa.C.S.A. § 903.

and ultimately died of his injuries. A jury found Brandon guilty of third-degree murder, and he was sentenced to life imprisonment. Brandon appealed and we affirmed his judgment of sentence by memorandum decision filed on August 9, 1991. *Commonwealth v. Brandon*, 414 Pa.Super. 665, 599 A.2d 698 (1991) (unpublished memorandum). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on April 14, 1992.

Brandon filed the instant PCRA petition, his fourth, on February 3, 2011. On June 15, 2011, the PCRA court issued its notice of intention to dismiss pursuant to Pa.R.Crim.P. 907. Brandon filed a response on July 11, 2011. On September 12, 2011, the PCRA court dismissed Brandon's petition as untimely. Brandon filed his notice of appeal on October 5, 2011, and a statement of matters complained of on appeal on October 20, 2011.

Brandon raises the following issues for our review:

1. WHETHER THE PCRA COURT ERRED BY DISMISSING THE PCRA PETITION WHERE IT WAS TIMELY FILED BY THE EXCEPTIONS TO ONE–YEAR PURSUANT TO [42 Pa.C.S.A. § 9545(b)(1)(ii-iii) ]?

2. WHETHER THE PCRA COURT ERRONEOUSLY CONDUCTED AN [sic] MERIT ANALYSIS OF THE UNDERLYING CLAIM TO DENY THE PETITION? [3]

3. WHETHER COMMONWEALTH'S PROSECUTOR'S FAILURE TO ESTABLISH THE UNAVAILABILITY OF DOCTOR AL–SHAKIR DURING ITS CASE–IN–CHIEF VIOLATED [Brandon's] FEDERAL SIXTH AMENDMENT CONFRONTATION CLAUSE BY HAVING DOCTOR JASNOSZ TESTIFY TO DOCTOR AL–SHAKIR'S AUTOPSY REPORT OF THE VICTIM'S CAUSE OF DEATH?

Brief of Appellant, at 3.

In short, Brandon asserts that the PCRA court erred in dismissing his petition as untimely because his claim fell under the newly-discovered facts and newly-recognized constitutional right exceptions to the time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii-iii). He further alleges that his Sixth Amendment right to confront his accuser was violated when the deputy pathologist, who performed the autopsy of the victim, rather than the chief pathologist, who signed the report, testified against him at trial.[4]

■ This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super.2010) (citations omitted). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

■ Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional

---

3. Although Brandon frames this issue in terms of whether or not the PCRA court properly conducted a merits analysis on an untimely PCRA petition, his argument addressing this issue is simply a regurgitation of his section 9545(b)(1)(ii) newly-discovered fact claim.

4. Both the deputy pathologist and the associate pathologist actually signed the report.

right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. *See Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780, 783 (2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157, 1161 (2003).

■ Here, Brandon's judgment of sentence became final on July 13, 1992, when his time to file an appeal to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13. Thereafter, Brandon had one year, or until July 13, 1993, in which to file a PCRA petition. Brandon filed the instant petition on or about February 3, 2011,[5] over eighteen years after his judgment of sentence became final. As such, his petition is patently untimely and he is afforded no relief unless he pleads and proves one of the exceptions to the time bar under section 9545(b).

Brandon argues that he is entitled relief under both the newly-discovered facts and after-recognized right exceptions. He bases both claims on our decision in *Commonwealth v. Barton–Martin,* 5 A.3d 363 (Pa.Super.2010), which applied the United States Supreme Court's holding in *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). In *Melendez–Diaz,* the defendant was charged with distributing and trafficking cocaine. At trial, the prosecution introduced certificates from state laboratory analysts stating that material seized by police and connected to the defendant was cocaine of a certain quantity. In compliance with Massachusetts law, the certificates were sworn-to before a notary public and submitted as *prima facie* evidence of what they asserted. The defendant objected, claiming that the Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), required the lab analysts to testify in person. The trial court disagreed, the certificates were admitted, and the defendant was convicted. The Appeals Court of Massachusetts affirmed, rejecting a claim that the admission of the certificates violated the Sixth Amendment. The Supreme Judicial Court denied review. The U.S. Supreme Court reversed, holding that under *Crawford,* a witness' testimony against a defendant is inadmissible unless the witness appears at trial or, if the witness is demonstrated to be unavailable, the defendant had a prior opportunity for cross-examination.

Brandon argues that the holding in *Melendez–Diaz,* as applied through *Barton–Martin,* requires that he be granted a new trial due to the Commonwealth's failure to present the testimony of medical examiner A. Al–Shakir, M.D., at his trial. The Commonwealth presented the testimony of another pathologist, Katherine Jasnosz, M.D. Brandon asserts that, because Dr. Al–Shakir actually performed the autopsy on the victim and wrote the autopsy report, he should have been required to testify at trial pursuant to *Barton–Martin.* Bran-

---

5. Brandon's PCRA petition was dated February 3, 2011 and docketed on February 5, 2011. Although this discrepancy does not affect our disposition of this case, we will deem Brandon's petition filed on February 3, 2011 pursuant to the "prisoner mailbox rule."

*See Commonwealth v. Crawford,* 17 A.3d 1279, 1281 (Pa.Super.2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

don asserts that the *Barton–Martin* decision constitutes both a newly-discovered fact as well as an after-discovered constitutional right, excusing him from compliance with the PCRA jurisdictional time-bar. For multiple reasons, neither claim has merit.

■ Brandon first asserts that the existence of this Court's *Barton–Martin* decision is a newly-discovered fact entitling him to relief. He asserts that he has satisfied the 60–day requirement under section 9545(b)(2) because he filed his PCRA petition within 60 days of the date the decision became available at the SCI–Mahanoy law library on December 17, 2010. We disagree.

Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980, 987 (2011). As the Court noted:

> Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule. Put another way, a "fact," as distinguished from the "law," is that which is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Id.* at 986–87 (citations, quotations and punctuation omitted). Accordingly, *Barton–Martin* garners Brandon no relief because it was not an "event that spawned a new claim." *Id.* at 987.

■ Moreover, Brandon's claim that he complied with the 60–day window under section 9545(b)(2) is incorrect. This Court's decision in *Barton–Martin* was filed on September 8, 2010. Brandon filed his PCRA petition on February 3, 2011. Although we do not question Brandon's assertion that he only became aware of the decision on December 17, 2010, we have previously said that "the sixty-day period begins to run upon the date of the underlying judicial decision." *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super.2007). Ignorance of the law does not excuse Brandon's failure to file his petition within the 60 days following the *Barton–Martin* decision, which was filed on November 7, 2010. *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa.Super.2001). "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." *Id.*

For all these reasons, Brandon's claim that our decision in *Barton–Martin* is a newly-discovered fact entitling him to relief is without merit.

Brandon also claims that the *Barton–Martin* decision constitutes a retroactively-applied right under section 9545(b)(1)(iii), which provides an exception to the one-year time bar where:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii).

■ First, we note that the language of section 9545(b)(1)(iii) does not contemplate that a decision of this Court, such as *Barton–Martin*, may provide the basis for an exception to the time-bar. Rather, the new constitutional right must have been recognized in a decision of either the Su-

preme Court of the United States or the Supreme Court of Pennsylvania. *See id.* Moreover, *Barton–Martin* does not recognize a new right; rather, it simply applies the previously announced ruling articulated by the U.S. Supreme Court in *Melendez–Diaz. Melendez–Diaz* itself, according to the majority who decided the case, was no more than a "faithful[ ] appl[ication of] *Crawford* to the facts of th[e] case" and its decision "involve[d] little more than the application of [*Crawford's* holding]." [6] *Melendez–Diaz,* 557 U.S. at 313, 329, 129 S.Ct. 2527.

 Moreover, *Melendez–Diaz* has not been held by the Supreme Court to apply retroactively on collateral appeal [7] and "the [Court] has expressly provided that its decision in *Crawford,* upon which *Melendez–Diaz* relies, does not apply retroactively to cases already final on direct review." *Commonwealth v. Leggett,* 16 A.3d 1144, 1147 (Pa.Super.2011) (citing *Whorton v.*

*Bockting,* 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (holding Crawford does not apply retroactively because it was not "a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding")).

 Finally, even if *Melendez* did satisfy the requirements under section 9545(b)(1)(iii), it would ultimately garner Brandon no relief, as he did not file his PCRA petition within 60 days of the date it was decided, on June 25, 2009. *Boyd, supra.* For all the foregoing reasons,[8] Brandon is not entitled to PCRA relief.

Order affirmed.

---

**6.** In *Crawford,* the Court addressed a Confrontation Clause claim in which the defendant objected to the admission of his wife's tape-recorded statement to the police describing her husband's crime, even though he had no opportunity for cross-examination at trial because of the marital privilege. In ruling that the statement was inadmissible under the Confrontation Clause, the Court described the class of testimonial statements covered by the clause:

> Various formulations of this core class of testimonial statements exist: *ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford,* 541 U.S. at 51–52, 124 S.Ct. 1354.

**7.** The U.S. Supreme Court has directed lower courts to apply *Melendez–Diaz* to cases pending final review on direct, but not collateral, appeal. *Commonwealth v. Leggett,* 16 A.3d 1144, 1147 n. 8 (Pa.Super.2011). *See Briscoe v. Virginia,* —— U.S. ——, 130 S.Ct. 1316, 175 L.Ed.2d 966 (2010).

**8.** Even if one of the timeliness exceptions applied, Brandon's substantive claim is without merit. Brandon's claim for relief is based on his assertion that he was unable to cross-examine the pathologist (whom he claims was Dr. Al–Shakir) who actually performed the autopsy on his victim. This allegation is not grounded in fact. The autopsy report was signed by both Dr. Al–Shakir and deputy pathologist Dr. Katherine Jasnosz. However, Dr. Jasnosz actually performed the autopsy. N.T. Trial, 6/24/89, at 104, 119. This is contrary to Brandon's assertion that "Doctor Al–Shakir physically performed all the autopsy upon Bailey and he wrote the Autopsy Report on Bailey's cause of death." Brief of Appellant, at 14 (emphasis in original). Thus, Brandon actually was given the opportunity to cross-examine the pathologist who performed the autopsy on his victim, as well as

collaborated on preparation of the autopsy report, and neither the Confrontation Clause nor *Melendez–Diaz* is implicated.