J-S59034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| | : | |
| DAVID LENNITT, JR., | : | |
| | : | |
| Appellant | : | No. 914 EDA 2014 |

Appeal from the PCRA Order Entered January 7, 2014,
In the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0000690-1990

BEFORE:  SHOGAN, LAZARUS and STRASSBURGER*, JJ.

JUDGMENT ORDER BY: STRASSBURGER, J.:   **FILED SEPTEMBER 10, 2014**

David Lennitt, Jr., (Appellant) appeals *pro se* from the order entered

January 7, 2014, dismissing his fourth petition filed pursuant to the Post

Conviction Relief Act (PCRA).[1, 2]

> Generally, a PCRA petition must be filed within one year from the
> date a judgment becomes final. There are three exceptions to
> this time requirement: (1) interference by government officials
> in the presentation of the claim; (2) newly discovered facts; and
> (3) an after-recognized constitutional right. When a petitioner

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's second collateral petition, filed in June 11, 1999, was entitled
"Petition for Habeas Corpus Relief Pursuant to Article I, Sect. 14 of the Pa.
Const. and for PCRA relief pursuant to the PCRA Act. 42.Pa.C.S. 9542 et.
seq. and consolidated Memorandum of law." Despite its title, this Court
affirmed the trial court's determination that the document was a PCRA
petition. **Commonwealth v. Lennitt**, 996 A.2d 547 (Pa. Super. 2010)
(unpublished memorandum).  Appellant does not dispute that the filing that
gave rise to the instant appeal is, in fact, a PCRA petition, nor does he
contest the applicability of the PCRA with respect to this petition.

* Retired Senior Judge assigned to the Superior Court.

alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012) (citations and quotations omitted).

Instantly, Appellant's judgment of sentence became final on September 19, 1992, 60 days after the expiration of the time for seeking discretionary review with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3); (former) U.S. Sup. Ct. R. 20.1. The instant petition, filed on August 23, 2012, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. ***See*** 42 Pa.C.S. § 9545(b). Appellant failed to do so.[3] Accordingly, the PCRA court properly dismissed his petition.

The order of the Court of Common Pleas of Bucks County dismissing Appellant's petition filed under the PCRA is hereby AFFIRMED.

---

[3] Although not mentioned in his brief to this Court, in his PCRA petition, Appellant argued that the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012) qualifies as an after-recognized constitutional right exception to the PCRA timeliness requirements. We disagree. In ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013) *cert. denied*, 134 S. Ct. 2724 (U.S. 2014), our Supreme Court held that the constitutional right recognized in ***Miller*** does not apply retroactively. Moreover, the holding of ***Miller*** applied only to juvenile offenders. ***Id.*** at 2469. Appellant was nearly 23 years old at the time he committed his crimes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2014