J-S61042-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMIE RAY SHANK, | : | |
| | : | |
| Appellant | : | No. 846 WDA 2014 |

Appeal from the PCRA Order Entered April 23, 2014,
In the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000446-2000
CP-33-CR-0000447-2000
CP-33-CR-0000448-2000
CP-33-CR-0000548-2004

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY: STRASSBURGER, J.:        **FILED OCTOBER 14, 2014**

Jamie Ray Shank, (Appellant) appeals *pro se* from the order entered April 23, 2014, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

---

[1] 42 Pa.C.S. §§ 9541-9546.

* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012) (citations and quotation marks omitted).

Instantly, Appellant's judgment of sentence became final on March 17, 2008, 90 days after the expiration of the time for seeking discretionary review with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. The instant petition, filed on March 28, 2014, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so.[2] Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

---

[2] To the extent that Appellant purports to raise claims regarding the legality of his sentence we note that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Chester***, 733 A.2d 1242 (Pa. 1999).