J-S44038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DELBERT WILLIAMS | |
| Appellant | No. 361 WDA 2014 |

Appeal from the PCRA Order February 10, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001388-2005
CP-02-CR-0010774-2004
CP-02-CR-0012748-2004
CP-02-CR-0015771-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 21, 2014**

Delbert Williams appeals from the order entered on February 10, 2014, in the Court of Common Pleas of Allegheny County, dismissing his second Post Conviction Relief Act (PCRA) petition as untimely.  **See** 42 Pa.C.S §§ 9541–9546. Following a non-jury trial, Williams was found guilty of murder of the first degree, four counts of robbery, one count of robbery of a motor vehicle, and three counts of criminal conspiracy.[1]  The trial court imposed an aggregate sentence of life imprisonment plus 25 to 50 years.  Williams was 16 years of age at the time of the offenses.  In this appeal, Williams contends: (1) **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013),

---

[1] 18 Pa.C.S. §§ 2502(a), 3701(a), 3702, and 903.

*cert. denied*, 134 S. Ct. 2724 (2014), was wrongly decided, and (2) the PCRA Court erred in not granting him an opportunity to amend the PCRA pleading to include the argument raised by Chief Justice Castille in his concurring opinion in **Cunningham**. Based upon the following we affirm.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." **Id.** (citations omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. **See** 42 Pa.C.S. § 9545(b)(1).[2] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Furthermore, a PCRA petition alleging any of the exceptions

---

[2] The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. **See** 42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

On June 30, 2008, this Court affirmed Williams' judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 30, 2008. *Commonwealth v. Williams*, 959 A.2d 976 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 963 A.2d 470 (Pa. 2008). Williams filed a timely *pro se* PCRA petition on March 9, 2009, and, following the appointment of counsel, the filing of amended petitions, and an evidentiary hearing, the PCRA court denied relief. On March 30, 2011, a panel of this Court affirmed the decision of the PCRA court. *Commonwealth v. Williams*, 26 A.3d 1211 (Pa. Super. 2011) (unpublished memorandum). Williams filed a *pro se* PCRA petition on July 13, 2012. On August 14, 2012, counsel for Williams filed a "Second PCRA Petition/Motion to Correct Illegal Sentence Pursuant to *Miller v. Alabama*."[3]

Here, Williams' judgment of sentence became final on March 30, 2009, 90 days after the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal and the period for filing a petition for *writ of certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Supreme Court Rule 13. Therefore, given the PCRA's one-year time limitation, 42 Pa.C.S. § 9545(b)(1), this second PCRA petition is patently

---

[3] *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

untimely, unless Williams pleads and proves an exception to the PCRA's one year time bar.

Williams contends that his PCRA petition satisfies the PCRA's timeliness exception, set forth at subsection 9545(b)(1)(iii), which requires a petitioner to plead and prove "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**." 42 Pa.C.S. § 9545(b)(1)(iii)(emphasis added). Williams cites the recent decision of **Miller v. Alabama**, 132 S. Ct. 2455 (2012), wherein the United States Supreme Court held that mandatory sentences of life without parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishment.'" **Miller**, 132 S. Ct. at 2460. Williams asserts that the **Miller** decision should be applied retroactively to his life sentence.[4]

The Pennsylvania Supreme Court has determined that the **Miller** decision should not be applied retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). On June 9, 2014, the United States

_____

[4] The PCRA requires that a petition invoking any statutory exception be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Williams satisfied Section 9545(b)(2) by filing his petition citing **Miller**, on August 14, 2012, within 60 days of the June 25, 2012 **Miller** decision. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (quotations and citation omitted) (stating "the sixty-day period [for 42 Pa.C.S. 9545(b)(2)] begins to run upon the date of the underlying judicial decision.").

Supreme Court denied the petition for *writ of certiorari* in **Cunningham**. **See Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014). Therefore, although Williams was 16 years old at the time he committed the murder, the **Miller** holding does not apply to him. As Williams cannot satisfy the requirement of subsection 9545(b)(1)(iii) that the newly recognized constitutional right "apply retroactively," the PCRA court properly concluded it lacked jurisdiction to consider Williams' substantive issues.

Here, Williams claims that **Cunningham** was wrongly decided. Williams' argument is unavailing. This Court rejected a similar argument in in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, ___ A.3d ___ (Pa. Sept. 30, 2014), explaining:

> Recently, in **Cunningham**, our Supreme Court held that the constitutional right announced by the United States Supreme Court in **Miller** does not apply retroactively. 81 A.3d at ___. Consequently, Appellant cannot rely upon **Miller** or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court. …
>
> Throughout his brief, Appellant attempts to circumvent the effect that **Cunningham** has upon our jurisdiction by arguing, *inter alia*: that he is entitled to relief under Article 1, § 13 of the Pennsylvania Constitution ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."), independently of the Eighth Amendment, Brief for Appellant 10-13; that **Miller** should be applied retroactively based upon Pennsylvania's broader retroactivity principles, Brief for Appellant at 19-26; and that the inequitable result that **Miller** created violates Pennsylvania's due process and equal protection principles. Brief for Appellant at 27-30. While these arguments someday may require consideration by our courts, today cannot be that day. **Before a court may address Appellant's arguments, or similar contentions, that court must have jurisdiction. We cannot manufacture jurisdiction based**

> ***upon the substantive claims raised by the parties.***
> Presently, we are confined by the express terms of subsection
> 9545(b)(1)(iii) and our Supreme Court's decision in
> ***Cunningham***. Combined, those two elements require us to
> conclude that we lack jurisdiction. No substantive claim can
> overcome this conclusion.

***Seskey, supra***, 86 A.3d at 243 (emphasis added).

Accordingly, guided by ***Seskey***, we conclude Williams' substantive

argument that ***Cunningham*** was wrongly decided cannot be reviewed as

this Court, like the PCRA court, lacks jurisdiction. Therefore, Williams' first

claim fails.

Williams further claims that the PCRA court should have allowed him to

amend his PCRA petition to include a claim for state *habeas corpus* relief.

***See*** Pa.R.Crim.P. 905(A).[5] In support of his claim, Williams refers to Chief

Justice Castille's concurring opinion in ***Cunningham***. Specifically, Chief

Justice Castille wrote:

> As noted earlier, I realize that it is not apparent that [a state
> proportionality] constitutional claim, arising from the effect of a
> federal decision, is cognizable under the PCRA. To the extent
> that it is so, there is at least some basis in law for an argument
> that the claim is cognizable via a petition under Pennsylvania's
> *habeas corpus* statute, found at 42 Pa.C.S. § 6501 *et seq*. ***See***,

_____

[5] Rule 905 provides, in pertinent part:

> The judge may grant leave to amend or withdraw a
> petition for post-conviction collateral relief at any time.
> Amendment shall be freely allowed to achieve substantial
> justice.

Pa.R.Crim.P. 905(A).

e.g., **Commonwealth v. Judge**, 591 Pa. 126, 916 A.2d 511, 518-21 (2007) (since PCRA did not provide remedy for appellant's claim regarding deportation from Canada, which essentially challenged "the continued vitality of his sentence," claim could be raised in a petition for writ of *habeas corpus*). **See also Coady v. Vaughn**, 564 Pa. 604, 770 A.2d 287, 290-94 (2001) (Castille, J., concurring, joined by Newman, J.) explaining interrelationship of PCRA and traditional *habeas corpus*).

**Cunningham**, 81 A.3d at 18 (Castille, C.J., concurring) (footnote omitted).

We note that this concurring opinion has no precedential value. Moreover, Chief Justice Castille's suggestion that juvenile offenders in Williams' position may have recourse under Pennsylvania's *habeas corpus* statute references a potential avenue for relief **outside** the parameters of the PCRA. Accordingly, we find no error in the PCRA court's decision to deny Williams' motion to amend his PCRA petition.[6]

Based on the foregoing, we conclude Williams' PCRA petition is untimely, and he has failed to meet his burden of proof with regard to any

---

[6] As the Commonwealth notes, Williams

has not [been] foreclosed [] from presenting a separate state *habeas corpus* petition and attempting to gain resolution of the issue suggested by Mr. Chief Justice Castille's concurring opinion in **Cunningham, supra**, and left open in **Seskey, supra**; that is, "whether the *habeas corpus* statute provides a viable mechanism to establish jurisdiction in this situation." **Seskey, supra**, 86 A.3d at 244.

Commonwealth Brief at 18.

exception to the timeliness requirements of the PCRA. We therefore affirm the PCRA court's denial of Williams' second petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014