J-S04044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1341 MDA 2014 |

Appeal from the PCRA Order Entered July 25, 2014,
in the Court of Common Pleas of Schuylkill County,
Criminal Division, at No(s): CP-54-CR-0000931-2002

BEFORE:    BOWES, ALLEN, and STRASSBURGER, JJ.*

JUDGMENT ORDER BY: STRASSBURGER, J.:        **FILED MARCH 09, 2015**

Larry Williams, (Appellant) appeals *pro se* from the order entered July 25, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

(citations and quotation marks omitted).

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

Instantly, Appellant was convicted by a jury of aggravated assault by prisoner on March 14, 2003, for an incident that occurred while Appellant was incarcerated at SCI-Mahanoy. On May 8, 2003, Appellant was sentenced to 30 to 120 months' incarceration to be served consecutive to the sentence already being served. An order that appears to deny a timely-filed post-sentence motion was filed on May 27, 2003.[2] No direct appeal was filed; thus, Appellant's judgment of sentence became final thirty days later, on June 26, 2003. Accordingly, Appellant had until June 26, 2004 to file timely a PCRA petition.[3]

The instant petition, filed on June 25, 2014, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so. Accordingly, the PCRA court properly dismissed his petition.

---

[2] The certified record does not contain a post-sentence motion; however, there is an opinion and order denying Appellant's request for a new trial.

[3] Appellant filed his first untimely PCRA petition on December 1, 2010. Counsel was appointed, and the petition was denied without a hearing on January 5, 2011. No appeal was taken from that order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015