J-A10007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY VILLANUEVA | |
| Appellant | No. 1496 MDA 2014 |

Appeal from the PCRA Order August 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005968-2002

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY VILLANUEVA | |
| Appellant | No. 1497 MDA 2014 |

Appeal from the PCRA Order August 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005969-2002

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY VILLANUEVA | |
| Appellant | No. 1498 MDA 2014 |

Appeal from the PCRA Order August 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006236-2002

BEFORE: GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 22, 2015**

Appellant, Ricky Villanueva,[1] appeals from the order entered in the Berks County Court of Common Pleas, denying as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 10, 2003, the court convicted Appellant of various drug related offenses and sentenced him to an aggregate term of thirteen to sixty years' imprisonment. On September 29, 2004, this Court affirmed Appellant's judgment of sentence. *See **Commonwealth v. Villanueva***, 863 A.2d 1233 (Pa.Super. 2004). Appellant did not file a petition for allowance of appeal with our Supreme Court. Appellant timely filed a *pro se* PCRA petition on March 24, 2005, and the PCRA court appointed counsel. On September 2, 2005, the PCRA court issued Rule 907 notice, to which Appellant responded on September 28, 2005. The PCRA court denied Appellant's petition on October 11, 2005. On June 2, 2006, this Court affirmed the decision, *see **Commonwealth v. Villanueva***, 903 A.2d 54 (Pa.Super. 2006), and our Supreme Court denied allowance of appeal *nunc pro tunc*.

Appellant filed the current PCRA petition *pro se* on July 1, 2014. The

---

[1] The certified record indicates alternative spellings for Appellant's name as "Villanuea" and "Villaneuva." We will use "Villanueva."

PCRA court issued Rule 907 notice on July 11, 2014, and Appellant responded. The PCRA court denied Appellant's petition as untimely on August 25, 2014. On September 5, 2014, Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d. 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii) (including (i) interference of government officials, (ii) discovery of new facts, and (iii) recognition of new constitutional right, held to apply retroactively). A petitioner asserting a timeliness exception must also file a petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). For purposes of the newly recognized constitutional right exception contained in Section 9545(b)(1)(iii), "the sixty day period begins to run upon the date of the

underlying judicial decision." *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012).

Instantly, Appellant's judgment of sentence became final on October 29, 2004, upon the expiration of time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113. Appellant filed the current petition on July 1, 2014, more than nine years after his judgment of sentence became final; thus, Appellant's petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant alleges the untimeliness of his petition is excused by the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), which held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant contends he meets the newly recognized constitutional right exception because he learned of the decision on May 30, 2014, and he filed the current petition within sixty days on July 1, 2014. Nevertheless, *Alleyne* was decided on June 17, 2013; thus, Appellant had to file the current petition by August 16, 2013, to meet the newly recognized constitutional right exception. *See* 42 Pa.C.S.A. § 9545(b)(2); *Brandon, supra*. Moreover, this Court held *Alleyne* is applicable only to criminal cases still pending on direct review. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). Therefore, Appellant's petition remains

time-barred.  Accordingly, we affirm the PCRA court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2015