J-S36038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HUGH GILLESPIE FUNCHES, | : | |
| | : | |
| Appellant | : | No. 2090 WDA 2014 |

Appeal from the PCRA Order Entered November 4, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001622-1999

BEFORE:    PANELLA, JENKINS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 17, 2015**

Hugh Gillespie Funches (Appellant) appeals *pro se* from the order entered November 4, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

(citations and quotation marks omitted).

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

On March 6, 2000, Appellant was found guilty in a non-jury trial of numerous offenses in connection with a sexual assault on a 20-month-old child. He was sentenced to an aggregate term of 20 to 40 years' incarceration. After the reinstatement of his direct appeal rights, Appellant's judgment of sentence was affirmed by a panel of this Court on November 13, 2001. *Commonwealth v. Funches*, 792 A.2d 613 (Pa. Super. 2001) (unpublished memorandum). No petition for allowance of appeal was filed; thus, Appellant had until approximately December 13, 2002 to file timely a PCRA petition.[2]

On August 11, 2014, Appellant filed the document at issue in this case, entitled "Motion for Modification of Sentence Nunc Pro Tunc."[3] In that motion, Appellant argued that he was denied his right to a jury trial; therefore, he claims his sentence is illegal. *Id*. at ¶ 3. On October 6, 2014,

---

[2] Appellant timely filed his first *pro se* PCRA petition and counsel was appointed. The PCRA court dismissed the petition without a hearing. This Court affirmed the dismissal of the petition, and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Funches*, 860 A.2d 1128 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 871 A.2d 188 (Pa. 2005).

[3] That document provides some contradictory information. Appellant states that "on March 6, 2000, [he] was found guilty of charges set forth in CP-02-CR-0006423-1998, and sentenced to [a term of incarceration] without the benefit of a jury." Motion for Modification of Sentence, 8/11/2014 (capitalization omitted). However, the criminal docket number associated with the aforementioned date and charges is docket number CP-02-CR-0001622-1999. Docket number 6423 of 1998 is also Appellant's case where it appears he pled guilty to criminal trespass and was sentenced to three months' incarceration. Thus, the PCRA court corrected the docket number.

the PCRA court, treating this document as a PCRA petition, filed its notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and on November 4, 2014, the PCRA court dismissed the petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

The instant petition, filed on June 25, 2014, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so. Moreover, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (quotations omitted). Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary
Date: 7/17/2015

- 3 -