J-S18040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA

             Appellee         :

                                          :

                v.                  :

                                          :

GEORGE WILLIAM CARSON,             :

                                          :

            Appellant       :       No. 1139 MDA 2015

Appeal from the PCRA Order June 1, 2015
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0003201-2008

BEFORE:     BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 28, 2016**

George William Carson (Appellant) appeals from the denial of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 26, 2009, Appellant pled guilty to one count of murder in the third degree for his involvement in the death of his step-son, Kevin Sult. On May 28, 2009, Appellant was sentenced to a term of 19 to 38 years' imprisonment.

> On June 8, 2009, [Appellant] filed a motion to modify sentence. Among the issues raised were: the victim's mental health, to include reference to psychological records of the victim which were provided by the District Attorney's office; the fact [Appellant] had called the court house in April of 2008 seeking help via the protection from abuse (PFA) office; that on or about April of 2007 [Appellant] had contacted the Wilkes-Barre Township police department with respect to a violent incident regarding the victim; **that [Appellant] alleged Shawn Sult, brother of the victim, authored letter[s] to [Magisterial**

*Retired Senior Judge assigned to the Superior Court.

> **District Judge (MDJ) James] Tupper expressing concerns about the victim**; and [Appellant] made reference to calls to the Jackson Township Police Department with respect to property damage occasioned by the victim's conduct. It is also noteworthy that, at the time of sentencing, [Appellant's] counsel provided a sentencing memorandum to the [c]ourt outlining these and similar incidents concerning the victim's alleged conduct.

PCRA Court Opinion, 10/20/2015, at 2 (footnote omitted; emphasis in original).

Appellant's motion for modification of sentence was denied on June 12, 2009. Appellant timely filed an appeal and on March 8, 2011, a panel of this Court affirmed his judgment of sentence. **Commonwealth v. Carson**, 26 A.3d 1182 (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court.

On April 25, 2011, Appellant timely filed a PCRA petition, raising challenges to the legality of his sentence and the effectiveness of his plea counsel. In this petition, Appellant named MDJ Tupper as a witness to "the documented lawlessness, violent and destructive behavior of [the victim], and habitual drunkenness and substance abuse" and alleged that the judge would testify on his behalf. PCRA petition, 4/25/2011, at 6. On December 19, 2012, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 10, 2013, after consideration of Appellant's response to its notice, the PCRA court entered an order dismissing the petition. No appeal followed.

On December 4, 2014, Appellant filed the PCRA petition at issue here, in which he purported to raise claims of ineffective assistance of counsel and after-discovered evidence. Specifically, Appellant claimed that he was "informed… via [the] affidavit" of MDJ Tupper that the Commonwealth withheld information regarding death threats made against Appellant by the victim prior to the victim's death. Second PCRA Petition, 12/4/2014, at 6. In support of his claim, Appellant attached to his petition an affidavit he had prepared and mailed to MDJ Tupper outlining his suggested testimony regarding the alleged death threats, which states in pertinent part as follows.

> 1. I am employed as a Magistrate in Jackson Township, PA. At one time, [Appellant] had hand delivered a letter to me, on or about May 15, 2008, which was written by one, Sean Sult. Information was provided whereby [the victim] placed danger upon the lives of Marilyn Sult Carson and [Appellant]. I have personal knowledge regarding the above [Appellant], to the matter that prior to the murder of [the victim], [Appellant], whom on June 12, 2008 did commit the act, so provided me with information, prior to this act respective to [the victim] placing threats.
>
> 2. I am willing to testify to the facts as I may recall them respective to the above information in this case, no one has threatened me to present these issues.

Second PCRA Petition, 12/4/2014, Affidavit. This affidavit is unsigned, but contains the following handwritten notation: "I would need to be subpoenaed and have permission from AOPC to testify. JT." *Id.* On February 27, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice with respect to this petition.

Appellant filed a response. The court formally dismissed the petition on June 1, 2015, and Appellant timely filed a notice of appeal.

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)).

Appellant clearly filed his petition well over one year after his judgment of sentence became final. Thus, he untimely filed the petition, unless the petition alleged and Appellant offered to prove one or more of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012)

(citations and quotations omitted).

Appellant contends that the allegations contained in his petition satisfy the previously unknown facts exception to the PCRA time bar set forth at subsection (b)(1)(ii). Appellant's Brief at 13-15. The trial court disagreed, stating,

Section 9545(b)(1)(ii) is inapplicable and offers [Appellant] no relief inasmuch as that section requires that "...the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."

[Appellant] has failed to plead and prove any facts establishing an exception for the untimely filing. A review of the instant PCRA petition demonstrates that … [Appellant] authored

correspondence to MDJ Tupper dated October 29, 2014, asking the MDJ to review an enclosed affidavit. [Appellant] indicated the MDJ could feel free to revise the affidavit if he was so inclined. As stated above, the handwritten correspondence is appended to the PCRA filing. [Moreover, t]he documents [of record] collectively demonstrate that, on or about May 15, 2008, [Appellant] hand-delivered a letter to [MDJ Tupper], which was allegedly written by the victim's brother, Shawn Sult. Therefore, the documents themselves demonstrate beyond question that [Appellant] was aware in 2008 of the letter authored by Shawn Sult in 2008.

PCRA Court Opinion, 10/20/2015, at 5.

The record supports the determination of the PCRA court. Thus, we conclude that the PCRA court's dismissal of Appellant's second PCRA petition was proper and, accordingly, we affirm the court's June 1, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2016