J-S27007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1937 EDA 2016 |

Appeal from the PCRA Order May 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0210041-1988

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 16, 2017**

Appellant, Andre Robinson, appeals *pro se* from the order entered in the Philadelphia Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On January 18, 1989, Appellant entered a negotiated guilty plea to first-degree murder and robbery.  That same day, the court sentenced Appellant to life imprisonment without the possibility of parole.  Appellant did not file a direct appeal.  On April 12, 2002, Appellant filed his first PCRA petition, which was unsuccessful.  On September 11, 2015, Appellant filed his second and current *pro se* PCRA petition.  The PCRA court issued Rule 907 notice on March 28, 2016, and dismissed the petition as untimely on

_____

*Retired Senior Judge assigned to the Superior Court.

May 13, 2016. Appellant timely filed a *pro se* notice of appeal on June 9, 2016. No Rule 1925(b) concise statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Under the "new facts" exception to the PCRA's timeliness requirements, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on February 17, 1989, upon expiration of time to file an appeal to this Court. ***See*** Pa.R.A.P. 903(a). Appellant filed his current petition on September 11, 2015, over twenty-six years later; thus, the petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new fact" exception to the PCRA time bar citing the U.S. Supreme Court's decision in ***Alleyne v. U.S.***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Nevertheless, ***Alleyne*** does not amount to a "new fact" under Section 9545(b)(1)(ii). ***See Commonwealth v. Brandon***, 51 A.3d 231 (Pa.Super. 2012) (holding subsequently decisional law is not "new fact" under Section 9545(b)(1)(ii)). Appellant also fails to invoke the "new constitutional right" exception to the PCRA time bar because neither the U.S. Supreme Court nor the Pennsylvania Supreme Court has held that ***Alleyne*** or its progeny apply retroactively on collateral review. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding that even if ***Alleyne*** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that ***Alleyne*** applies retroactively on collateral review, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). ***See also Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016) (holding ***Alleyne*** cannot render otherwise final sentence illegal). Further, Appellant's reliance on ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)

(ruling unconstitutional mandatory life without possibility of parole sentence for juvenile offenders), likewise fails because Appellant was twenty-two years old at the time of the offense.  Therefore, Appellant's second PCRA petition remains time-barred, and the court lacked jurisdiction to review it. *See Hackett, supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2017