J-S62031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOEL QUINONES, | : | |
| | : | |
| Appellant | : | No. 660 MDA 2017 |

Appeal from the PCRA Order March 27, 2017
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001102-2012

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:    **FILED NOVEMBER 09, 2017**

Joel Quinones (Appellant) appeals from the order entered March 27, 2017, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

_____

*Retired Senior Judge assigned to the Superior Court.

Instantly, on December 20, 2012, Appellant pled guilty to, *inter alia*, robbery. On January 23, 2013, Appellant was sentenced to an aggregate five to 10 years' incarceration. Appellant did not file timely post-sentence motions or a direct appeal. Thus, Appellant's sentence became final in February 2013. Accordingly, Appellant had until February 2014 to file timely a PCRA petition.

The instant petition, filed on February 8, 2016, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. **See** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so.[1] Accordingly, the PCRA court properly dismissed his petition.

---

[1] Although Appellant raised an exception to the PCRA time-bar within his *pro se* petition, he made no argument in his amended petition filed by counsel or in his brief to this Court to support his claim that an exception applies. Appellant appears to assert his petition is timely because his sentence is illegal pursuant to **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013) and its progeny, and fits within the ambit of the new-constitutional-right exception. 42 Pa.C.S. § 9545(b)(1)(iii). **See** Appellant's *Pro Se* PCRA Petition, 2/8/2016. However, our Supreme Court has held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Appellant does not argue that his remaining claim, ineffective assistance of counsel, meets any of the timeliness exceptions.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017