J-S18038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHAN LEE PHELPS, | : | |
| | : | |
| Appellant | : | No.  1339 MDA 2015 |

Appeal from the PCRA Order July 16, 2015,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0003939-2003

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:              **FILED MAY 09, 2016**

Nathan Lee Phelps (Appellant) appeals from the order entered July 16, 2015, dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

(citations and quotation marks omitted).

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant's judgment of sentence became final in September 2005, upon expiration of the time in which Appellant could petition our Supreme Court for allowance of appeal.[1] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant's petition was filed years after his judgment of sentence became final; thus, it is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so.[2] Accordingly, he is not entitled to relief.

---

[1] This Court affirmed Appellant's judgment of sentence on August 5, 2005. *Commonwealth v. Phelps*, 885 A.2d 581 (Pa. Super. 2005).

[2] In his counseled, amended petition, Appellant alleged that his sentence is illegal because it included consecutive sentences for certain offenses which should have merged for sentencing purposes. With regard to timeliness, Appellant alleged that legality-of-sentence claims can never be waived and that the lower court has inherent power to correct patent errors even in the absence of traditional jurisdiction. We observe that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007). Moreover, "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/9/2016</u>