J-S56029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID JAMES HOLLENBACK, JR. | |
| Appellant | No. 1816 MDA 2015 |

Appeal from the PCRA Order September 18, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002218-2008

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 19, 2016**

Appellant, David James Hollenback, Jr., appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We conclude that the PCRA court correctly found that it lacked jurisdiction to entertain Hollenback's petition and that none of Hollenback's arguments to the contrary entitle him to relief. We affirm.

Given our resolution of this appeal, a detailed factual recitation of this matter is unnecessary. We refer the interested reader to this Court's memorandum affirming Hollenback's judgment of sentence. **See Commonwealth v. Hollenback**, No. 1636 MDA 2010, at 1-6 (Pa. Super., filed 10/14/11) (unpublished memorandum).

---

[*] Former Justice specially assigned to the Superior Court.

After a bench trial, Hollenback was convicted of multiple counts arising from the sexual abuse of a minor relative. The trial court imposed a sentence of imprisonment of 38 to 76 years. This Court subsequently affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allowance of appeal on September 17, 2012.

Over two years later, on February 17, 2015, Hollenback filed the instant PCRA petition *pro se*. Counsel was appointed to represent him and, after a hearing, the PCRA court dismissed the petition as untimely. This timely appeal followed.

On appeal, Hollenback concedes that his petition was facially untimely. **See** Appellant's Brief, at 14. However, he contends that he qualifies for the newly discovered fact exception to the PCRA's timebar. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). The fact upon which he relies is the Supreme Court of the United States' decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). He asserts that since he was incarcerated at the time, he did not discover **Alleyne** until February 4, 2015. He thus contends that his petition, filed approximately two weeks later, satisfies the 60 day window of 42 Pa.C.S.A. § 9545(b)(2). It does not.

Decisional law, such as **Alleyne**, is not a "fact" under section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012).

Furthermore, our Supreme Court recently held that "***Alleyne*** does not apply retroactively to cases pending on collateral review…." ***Commonwealth v. Washington***, ___ A.3d ___, ___, 2016 WL 3909088, *8 (Pa., filed July 19, 2016).

Hollenback has failed to establish the applicability of an exception to the PCRA's time bar, and the PCRA court correctly found that it had no jurisdiction to entertain his petition. This Court has soundly rejected Hollenback's arguments that Pennsylvania courts *always* retain jurisdiction to strike an illegal sentence. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) ("[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016

- 3 -