J-S83031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NICK LOGAN, | : | |
| | : | |
| Appellant | : | No. 473 WDA 2016 |

Appeal from the PCRA Order February 23, 2016
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0000264-1992,
CP-02-CR-0000266-1992, CP-02-CR-0015919-1991

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED: December 16, 2016**

Nick Logan (Appellant) appeals *pro se* from the order entered February 23, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

Appellant pled guilty to numerous crimes on June 17, 1992, at three separate docket numbers. He was sentenced to an aggregate term of incarceration of 4½ to 21 years. According to the Commonwealth, Appellant was paroled in 2009. **See** Commonwealth's Brief at 6 ("Appellant was apparently released from prison in 2009, although the exact date of his release is not clear from the record.").

On February 1, 2012, a jury convicted Appellant of numerous theft-related crimes at docket numbers CP-02-CR-0004530-2011, CP-02-CR-0004829-2011, and CP-02-CR-0006403-2011. He was sentenced to an

_____
*Retired Senior Judge assigned to the Superior Court.

aggregate term of 8 to 17 years of incarceration.[1]   These "convictions resulted in violation of state parole" at the docket numbers involved in the instant case. ***Turner***/***Finley*** Letter, 1/4/2015, at 4; ***see also***, PCRA Court Opinion, 7/13/2013, at 2; Commonwealth's Brief at 6-7.

On October 20, 2015, Appellant filed *pro se* the instant PCRA petition. The PCRA court appointed counsel, who subsequently filed a petition to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   Counsel concluded that Appellant's PCRA petition was untimely filed and no exceptions applied.   On February 24, 2016, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw.   Appellant filed a notice of appeal.[2]

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements

---

[1] This Court affirmed his judgment of sentence on October 14, 2015. ***Commonwealth v. Logan***, 134 A.3d 96 (Pa. Super. 2015).

[2] Appellant's notice of appeal was received by the Prothonotary on March 30, 2016, which is beyond the 30 days permitted to file a notice of appeal. However, pursuant to the prisoner mailbox rule, and in light of our disposition, we will not dismiss this appeal as untimely filed. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa. Super. 2011).

of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

Instantly, Appellant entered his guilty plea and was sentenced on June 17, 1992. He did not file a post-sentence motion or direct appeal. Thus, his judgment of sentence became final thirty days later, on July 17, 1992. Accordingly, Appellant had until July 17, 1993, to file timely a PCRA petition.

The instant petition, filed on October 20, 2015, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so. Accordingly, the PCRA court properly dismissed his petition.[3]

Order affirmed.

---

[3] We also point out that it is possible, based upon the fact that more than 21 years has elapsed between the original judgment of sentence and the filing of this petition, that Appellant is no longer serving his judgment of sentence imposed for his parole violation in this case. That situation would render Appellant ineligible for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [that he] has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted … currently serving a sentence of imprisonment, probation or parole for the crime[.]"). However, because it is not clear from the record, and Appellant's petition is otherwise untimely, we will not make a determination with respect to Appellant's eligibility for relief.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>12/16/2016</u>