J-S62032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN R. MITCHELL, III, | : | |
| | : | |
| Appellant | : | No. 2048 MDA 2016 |

Appeal from the PCRA Order November 10, 2016,
in the Court of Common Pleas of Lycoming County,
Criminal Division, at No(s): CP-41-CR-0002025-2005

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED OCTOBER 23, 2017**

Jonathan R. Mitchell, III (Appellant) appeals *pro se* from the November 10, 2016 order that dismissed his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2007, Appellant was convicted of criminal homicide and sentenced to a term of life imprisonment. This Court affirmed his judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal.  ***See Commonwealth v. Mitchell***, 988 A.2d 725 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 993 A.2d 900 (Pa. 2010). Appellant's first and second PCRA petitions resulted in no relief.  On May 6, 2016, Appellant *pro se* filed a third PCRA petition.  On November 10, 2016, the PCRA court dismissed that petition as untimely filed. This appeal followed.

*Retired Senior Judge assigned to the Superior Court.

Before we can examine the substantive claims Appellant raises on appeal, we must determine whether the filing of his PCRA petition was timely. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

The instant petition, filed in May of 2016, is patently untimely. Appellant, referencing *Alleyne v. United States*, 133 S.Ct. 2151 (2013),[1] and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016),[2] alleges that his petition meets the timeliness exception at 42 Pa.C.S. § 9545(b)(1)(iii)

---

[1] "*Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (citation omitted).

[2] In *Miller v. Alabama*, 132 S.Ct. 2455 (2012), the United States Supreme Court held that mandatory life imprisonment without parole for defendants under the age of 18 at the time of the offense violates the Eighth Amendment to the United States Constitution. *Montgomery* held that *Miller* applies retroactively to cases on state collateral review. *Montgomery*, 136 S.Ct. at 732.

(providing "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively"). PCRA Petition, 5/6/2016, at 2-3. However, our Supreme Court has held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Moreover, as Appellant was 22 years old at the time the crime was committed, **Montgomery** is inapplicable.

Thus, because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017

- 3 -