J-S36040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LASTER | : | |
| | : | |
| Appellant | : | No. 3005 EDA 2017 |

Appeal from the PCRA Order August 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0607521-1995

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED AUGUST 23, 2018**

Appellant, Christopher Laster, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 20, 1995, a jury convicted Appellant of third-degree murder and conspiracy.  The court sentenced Appellant on May 23, 1996, to an aggregate term of 10 to 20 years' imprisonment, consecutive to a federal sentence Appellant was then serving.[1]  This Court affirmed on January 20, 1998; Appellant did not seek further direct review.  *See Commonwealth v. Laster*, 711 A.2d 1040 (Pa.Super. 1998).

From 2000 to 2017, Appellant unsuccessfully litigated multiple PCRA

---

[1] Appellant was sentenced for the federal crimes on March 11, 1993, to 292 months' imprisonment.

petitions. On July 18, 2017, Appellant filed the current *pro se* PCRA petition. The court issued Pa.R.Crim.P. 907 notice on August 1, 2017. On August 16, 2017, Appellant responded *pro se*. The court denied PCRA relief on August 31, 2017. On September 12, 2017, Appellant timely filed a *pro se* notice of appeal. No Pa.R.A.P. 1925(b) concise statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on February 19, 1998, upon expiration of the time to file a petition for allowance of appeal in our Supreme Court. ***See*** Pa.R.A.P. 1113(a). Appellant filed the current PCRA petition on July 18, 2017, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "newly-discovered fact" exception at Section 9545(b)(1)(ii), relying on ***Williams v. Pennsylvania***, ___ U.S. ___, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016) (holding there is impermissible risk of actual bias when judge previously had significant,

personal involvement as prosecutor in critical decision regarding defendant's case, violating due process clause; former Pennsylvania Chief Justice Castille had significant, personal involvement in defendant's case where he served as District Attorney at time of defendant's trial and authorized prosecutor to seek death penalty against defendant, such that former Chief Justice should have recused himself from consideration of Commonwealth's appeal concerning defendant's serial PCRA petition, in which PCRA court had granted sentencing relief). Specifically, Appellant complains former Chief Justice Castille had similar significant, personal involvement in his case, which required the former Chief Justice to recuse himself from consideration of Appellant's petition for allowance of appeal concerning one of his prior PCRA petitions.

Initially, judicial decisions do not constitute "newly-discovered facts." *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa.Super. 2012) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)). To the extent Appellant attempts to invoke the "new constitutional right" exception per Section 9545(b)(1)(iii), and even if Appellant met the "60-day rule," he has not established that *Williams* announced a new constitutional right held to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii) (requiring PCRA petitioner to plead and prove new constitutional right recognized by United States Supreme Court or Pennsylvania Supreme Court and held by that Court to apply retroactively). Moreover, Appellant presents no evidence to support his claim that the former

Chief Justice had significant, personal involvement in Appellant's case. The former Chief Justice served as Philadelphia District Attorney from 1986 until 1991. The Commonwealth did not charge or try Appellant for the murder at issue until 1995.[2] Therefore, **Williams** affords Appellant no relief and his current PCRA petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/18

---

[2] Appellant's reference to the "governmental interference" exception, claiming the Commonwealth suppressed the former Chief Justice's significant, personal involvement with Appellant's case, is likewise unavailing. Further, the former Chief Justice's possible involvement with decisions related to Appellant's cohorts Aaron Jones and Anthony Reid (with whom Appellant was not tried), does not prove any prior significant involvement with **Appellant's** case.