J. S51035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
v.    :
   :
JERRY WOODWARD,    :    No. 1655 EDA 2017
   :
Appellant    :

Appeal from the PCRA Order, May 1, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0420522-1984

BEFORE: DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 27, 2018**

Jerry Woodward appeals **pro se** from the May 1, 2017 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.[1]

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. Following a bench trial, appellant was found guilty of first-degree murder and related offenses in connection with the March 1984 stabbing death of James Himmons. On November 20, 1984, the trial court sentenced appellant to an aggregate term of life imprisonment. Appellant, who was born in April 1963, was 20 years old at the time of this offense. On August 23, 1985, a panel of this court affirmed appellant's

---

[1] The Commonwealth has not filed a brief in this matter.

judgment of sentence, and our supreme court denied allowance of appeal on March 6, 1986. **Commonwealth v. Woodward**, 503 A.2d 53 (Pa.Super. 1985) (unpublished memorandum).[2] Appellant filed a **pro se** petition for post-conviction relief under the Post Conviction Hearing Act ("PCHA"), 42 Pa.C.S.A. § 9541 **et seq.**,[3] and counsel was appointed to represent him. The PCHA court ultimately dismissed appellant's petition on September 21, 1989.

Appellant filed the instant **pro se** petition, his second, on August 13, 2012. On March 15, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). On March 29, 2017, appellant filed a response to the PCRA court's Rule 907 notice, arguing, **inter alia**, that he was entitled to **habeas corpus** relief. (**See** Rule 907 response, 3/29/17 at 6, ¶ 18.) On May 1, 2017, the PCRA court filed an order and opinion dismissing appellant's petition as untimely. This timely appeal followed on May 12, 2017.[4]

Appellant raises the following issue for our review: "Whether [a]ppellant is entitled to Post Conviction Relief based on newly discovered mitigating

---

[2] Our review indicates there is no additional citation for the March 6, 1986 denial of appellant's petition for allowance of appeal on Westlaw or Lexis.

[3] The PCHA was modified in part, repealed in part, and renamed the PCRA through amendments effective April 13, 1988.

[4] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

evidence regarding brain science and social science study?" (Appellant's brief at 3.)

Preliminarily, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). It is well settled that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Here, appellant's judgment of sentence became final on June 4, 1986, 90 days after the Supreme Court of Pennsylvania denied allowance of appeal and the deadline for filing a petition for writ of ***certiorari*** in the Supreme Court of the United States expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Accordingly, appellant's instant petition, which was filed more than 26 years after his judgment of sentence became final, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the record reveals that appellant failed to prove any of the statutory exceptions to the PCRA time-bar. Appellant contends that the Supreme Court of the United States' decisions in ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), constitute newly discovered facts that would invoke the protections afforded by Section 9545(b)(1)(ii). (***See*** PCRA petition, 8/13/12 at 3; appellant's brief at 7.) Appellant further posits that his sentence of life imprisonment is unconstitutional because ***Miller*** and ***Montgomery*** announced a new constitutional right under Section 9545(b)(1)(iii) that applies retroactively. (***See*** Rule 907 response, 3/29/17 at 5-6, ¶ 17.) We disagree.

In ***Miller***, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age

of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 US at 465. In **Montgomery**, the Supreme Court recently held that its rule announced in **Miller** applies retroactively on collateral review. **Montgomery**, 136 S.Ct. at 736.

Here, however, the record reveals that appellant was **20 years old** on March 23, 1984, the date of the offense. As such, these cases are inapplicable. **See Commonwealth v. Furgess**, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that an appellant's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering the mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were under 18 when offenses were committed).

Moreover, this court has expressly rejected the notion that judicial decisions constitute newly discovered facts that invoke the protections afforded by Section 9545(b)(1)(ii). **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012) (holding that a judicial determination does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in Section 9545(b)(1)(ii) of the PCRA).

Lastly, to the extent appellant argues that his claim is eligible for **habeas corpus** relief, we emphasize that where a petitioner raises a claim that is cognizable under the PCRA, as is the case here, "[he] cannot escape

the PCRA time-bar by titling his petition or motion as a writ of **habeas corpus**." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (footnote omitted); **see also Commonwealth v. DiMatteo**, 177 A.3d 182, 197 (Pa. 2018) (stating that issues pertaining to the legality of a sentence fall under the purview of the PCRA).

Accordingly, for all the foregoing reasons, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/18