J-S19041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                     :                 PENNSYLVANIA
            Appellee        :
                                       :
            v.                  :
                                       :
BIRDELL BROCKINGTON,         :
                                       :
           Appellant      :      No. 2249 EDA 2018

Appeal from the PCRA Order Entered June 27, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002736-1997

BEFORE:    LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:         **FILED JUNE 12, 2019**

Birdell Brockington (Appellant) *pro se* appeals from the June 27, 2018

order denying his petition filed under the Post Conviction Relief Act (PCRA),

42 Pa.C.S. §§ 9541-9546.  We affirm.

> [Appellant's] convictions stem from an incident on August
> 2, 1997, when he and Kevin Taylor burglarized the home of
> Bruce Kight in order to steal personal items from him, and
> subsequently, Taylor shot Kight numerous times, killing him. On
> May 22, 1998, a jury convicted [Appellant] of first-degree
> murder, burglary, criminal trespass, theft by unlawful taking,
> and five counts of criminal conspiracy. Four days later, he was
> sentenced to an aggregate term of life imprisonment. A panel of
> this Court affirmed the judgment of sentence on July 31, 2000,
> and the Pennsylvania Supreme Court denied allowance of appeal
> on December 14, 2000. ***See Commonwealth v. Brockington***,
> 764 A.2d 1119 [] (Pa. Super. 2000) (unpublished
> memorandum), *appeal denied*, 764 A.2d 1064 (Pa. 2000).

---

* Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Brockington*, 159 A.3d 590 at *1 (Pa. Super 2016) (unpublished memorandum at 1). Appellant's first two PCRA petitions resulted in no relief.

Appellant filed the petition that is the subject of the instant appeal on May 14, 2018. Therein, Appellant argued that he was entitled to relief because the trial court had given an erroneous jury instruction at Appellant's trial. *Pro se* PCRA Petition, 5/14/2018. Appellant claimed that two timeliness exceptions applied to this otherwise untimely-filed third PCRA petition. *Id.*

The PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing, to which Appellant filed a response in opposition. On June 27, 2018, the PCRA court entered an order dismissing Appellant's petition as an untimely-filed petition that failed to meet any timeliness exception. Appellant filed a notice of appeal,[1] and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] The record contains two notices of appeal, both appealing the PCRA court's June 27, 2018 order denying Appellant's petition. **See** Notice of Appeal, 7/19/2018; Notice of Appeal, 7/31/2018. These notices of appeal are materially similar, although Appellant's July 31, 2018 notice of appeal contains a certificate of service that his first notice of appeal lacks. **Id.** This second notice of appeal was presumably filed to perfect the first. While the latter notice of appeal was filed more than thirty days after the PCRA court's order, this is of no moment, as Appellant's first, timely-filed notice of appeal invoked this Court's jurisdiction. **See Commonwealth v. Williams**, 106 A.3d 583 (Pa. 2014) (holding that a timely notice of appeal, irrespective if it is otherwise defective, triggers the jurisdiction of the appellate court).

Before we may consider the issues Appellant presents on appeal for our review, we must first determine whether Appellant has timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *See Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).[2]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, our Supreme Court denied Appellant's petition

_____

[2] There are also time restrictions on when a petitioner must file a petition after a time-bar-exception claim has arisen. *See* 42 Pa.C.S. § 9545(b)(2). On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

for allowance of appeal on December 14, 2000. Thus, Appellant's May 14, 2018 petition is facially untimely.

Nevertheless, we may consider an untimely-filed PCRA petition if Appellant pleaded and proved one of three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii). Here, although inarticulately stated in his *pro se* PCRA petition and his brief on appeal, Appellant's petition arguably asserts the newly-discovered evidence and retroactively-applied constitutional right exceptions found at 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence") and 42 Pa.C.S. § 9545(b)(1)(iii) (providing an exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively"). Specifically, Appellant relies upon ***Bennett v. Superintendent Graterford SCI***, 886 F.3d 268, 288 (3d Cir. 2018) (holding "that the trial court's jury instructions[ on conspiracy and accomplice liability were deficient insomuch as they] relieved the Commonwealth of its burden of proving that Bennett had the specific intent to kill, in violation of his right to due process under the United States Constitution"). Upon review, we find Appellant has not satisfied either exception.

First, we reiterate that our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by subsection 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (holding a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA; "[sub]section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (same).

Secondly, in order to satisfy the retroactively-applied constitutional right exception, Appellant must allege a constitutional right that was recognized by our Supreme Court or the United States Supreme Court and has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(ii). **Bennett** does not meet any of these requirements. **Bennett** was decided by the Third Circuit Court of Appeals, not the Pennsylvania Supreme Court or the United States Supreme Court and our independent review confirms that neither Court has recognized **Bennett** as establishing a new constitutional right[3] nor has held any purported right to apply retroactively.

---

[3] We agree with the PCRA court's reading of **Bennett** insomuch as it determined that **Bennett** did not establish a new constitutional right. **See** PCRA Court Opinion, 9/6/2018, at 5. To the contrary, **Bennett** merely found that the jury instruction given at Bennett's trial was deficient based on

*(Footnote Continued Next Page)*

Based upon the foregoing, we conclude Appellant's petition was untimely filed and he did not satisfy an exception to the timeliness requirements. Thus, the PCRA court lacked jurisdiction to review his petition, and he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/19

---

(Footnote Continued)

**existing** due process rights. *See Bennett*, *supra* 886 F.3d at 288 (concluding "that the trial court's jury instructions relieved the Commonwealth of its burden of proving that Bennett had the specific intent to kill, in violation of his right to due process under the United States Constitution").