J-S48009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS W. JONES III | : | |
| | : | |
| Appellant | : | No. 2653 EDA 2019 |

Appeal from the PCRA Order Entered August 8, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0403101-1982.

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:             **FILED FEBRUARY 05, 2021**

Thomas W. Jones, III appeals *pro se* from the order denying his petition filed pursuant the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> [In 1982, Jones] was tried and convicted of first degree murder, robbery and possession of an instrument of crime. After a sentencing hearing immediately following the trial, the jury elected to sentence [Jones] to death.  Post-verdict motions were denied and [Jones] took a direct appeal to [our] Supreme Court.  The Supreme Court remanded to the trial court for an evidentiary hearing on [Jones'] allegations of ineffective assistance of counsel.  On the basis of evidence adduced at the remand hearing, the judge found ineffective assistance of counsel at the penalty phase only of the original trial.  As a result of that finding, the Supreme Court granted [Jones'] request for extraordinary relief and

ordered that the death penalty be vacated and a life sentence imposed.

**Commonwealth v. Jones**, 570 A.2d 1338, 1342 (Pa. Super. 1990) (citation and footnotes omitted).

Jones timely appealed his new judgment of sentence to this Court. On March 9, 1990, this Court rejected Jones' claims and affirmed. **Jones**, **supra**. On July 11, 1991, our Supreme Court denied Jones' petition for allowance of appeal. **Commonwealth v. Jones**, 596 A.2d 155 (Pa. 1991).

On August 16, 2012, Jones filed the PCRA petition at issue.[1] On April 11, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Jones' petition without a hearing. In this notice, the PCRA court expressly stated:

> [Jones] invoked the new right announced in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), *as revised* (Jan. 27. 2016). However, relief is limited to juveniles convicted of a homicide who were under eighteen years old at the time of the crime and sentenced to life without the possibility of parole. Since [Jones] was not under the eighteen years old at the time of the homicide, [he] is not entitled to relief under the **Miller**/**Montgomery** decision[s].

---

[1] By letter dated February 12, 2020, the lower court notified this Court that the record for this appeal was missing from the Office of Judicial records File Room, and that a reconstructed record was prepared from available documents. Our statement of the additional procedural history is gleaned from the documents that appear in this reconstructed record, as well as the docket entries in this case.

The certified record contains no response from Jones. By order entered August 8, 2019, the PCRA court dismissed Jones' 2012 PCRA petition.[2] This timely appeal followed.[3]

Jones now raises the following issue:

> I.  Whether the PCRA court erred by issuing an order dismissing his PCRA petition on the same date it issued its letter of intent to dismiss, and thereby, depriving him of the mandatory 20 days to object as required under [Pa.R.Crim.P.] 907?

Jones' Brief at 3 (excess capitalization omitted).

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

---

[2] The reconstructed record in this case does not account for the approximate seven-year delay in disposing of Jones' PCRA petition.

[3] Jones is incarcerated and he dated his notice of appeal on September 6, 2019. Though Jones' notice of appeal was filed beyond the thirty-day appeal period, we conclude it is timely under the "prisoner mailbox rule." ***See generally***, ***Commonwealth v. Brandon***, 51 A.3d 231 (Pa. Super. 2012).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In support of his issue, Jones cites to the following language from the cover page to the August 8, 2019 order dismissing his PCRA petition: "You were sent a twenty-day notice dated August 8, 2019, pursuant to [Pa.R.Crim.P.] 907, of the court's intention to dismiss your [PCRA] petition." As noted above, the reconstructed record includes a Rule 907 notice issued on April 11, 2017. It does not, however, include a Rule 907 notice dated August 8, 2019.

The Commonwealth contends that the date provided on the cover page appears to be a clerical error. *See* Commonwealth's Brief at 5. Nonetheless, the Commonwealth "would not oppose a remand for the limited purpose of establishing when the [PCRA] court notified [Jones] of is intent to dismiss." *Id.* at 5-6.

As noted above, our review of the record refutes Jones' claim. In addition, we need not remand this case because, even if the PCRA court never issued Rule 907 notice, we may affirm the court's determination that Jones'

PCRA petition is clearly untimely. ***See***, ***e.g. Commonwealth v. Ziegler***, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (explaining, "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely"). Finally, we note that, in his 2012 PCRA petition, Jones concedes he was over the age of eighteen when he murdered the victim. ***See*** PCRA Petition, 8/16/12, at 3. Thus, the PCRA court correctly stated that the ***Miller***/***Montgomery*** decisions do not provide Jones with a basis for post-conviction relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/5/2021*