**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH RICHARDS | : | |
| | : | |
| Appellant | : | No. 2599 EDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006071-2010

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 21, 2025**

Kenneth Richards appeals from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

The pertinent facts and procedural history have been previously summarized as follows:

> On April 10, 2010, John Raksnis got into an argument with Richards' cousin, "Dee." Richards also began arguing with Raksnis, and attempted to follow Raksnis into Raksnis' home. Richards was prevented from entering the home by Raksnis' [pit bulls]. Richards left and returned with a semi-automatic firearm, firing eight shots at Raksnis. Raksnis was hit twice, once in his side and once in his abdomen. When interviewed by police the next day, Raksnis told the officer that "Ken-Ken" shot him, and he identified Richards as the shooter in a photo array. Raksnis again identified Richards as the shooter at the preliminary hearing. At trial, however, Raksnis testified that it was actually Richards' cousin, Dee, who shot him. Raksnis testified that he informed the former prosecutor, Thomas Lipscomb, Esquire, of this fact, but Dee was never investigated. Attorney Lipscomb testified that he

believed Raksnis recanted his testimony out of fear of Richards and his family.

Richards was convicted of attempted murder, aggravated assault and related firearms offenses. The court sentenced him to twenty to forty years' imprisonment followed by ten years' probation. Richards appealed, challenging the sufficiency of the evidence, and on January 13, 2014, this Court affirmed his judgment of sentence. [Richards did not seek further review]. On December 29, 2014, Richards filed a *pro se* PCRA petition. The court appointed new counsel, who filed an amended petition on April 1, 2016, claiming ineffective assistance of trial counsel. Richards' PCRA petition was denied on June 28, 2017.

*Commonwealth v. Richards*, 195 A.3d 989 (Pa. Super. 2018) (non-precedential decision at 1-2). Richards filed a timely appeal. On August 13, 2018, we affirmed the order denying post-conviction relief based upon the PCRA court's opinion. *See id*. at 5.

On November 5, 2021, Richards filed the counseled PCRA petition at issue, his second. In this petition, Richards acknowledged his petition was untimely filed, but asserted that he had newly-discovered evidence in the form of three sworn affidavits, a May 2021 affidavit from Raksnis, a September 2021 affidavit from Shirley Williams, a woman who lived near the scene of the shooting, and an October 2021 affidavit from Lehron Johnson, one of Raksnis' employees, who claimed to have witnessed the shooting.

The Commonwealth filed an answer, in which it stated that Richards failed to establish due diligence regarding each witness and explained why Richards otherwise was not entitled to relief. On August 2, 2023, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Richards' second petition as meritless. Richards filed a response. By order entered August 23,

2023, the PCRA court dismissed Richards' petition. This appeal followed.[1]

Both Richards and the PCRA court have complied with Appellate Rule 1925.

Richards raises the following claim on appeal:

1. Whether the [PCRA] court erred in dismissing the PCRA petition without a hearing in a matter where newly discovered witnesses have come forward to support [Raksnis], who has consistently stated since trial that [Richards] was not the shooter, and [corroborates Richards] in proving that [Richards] was not the shooter.

Richards' Brief at 6.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in

_____

[1] Counsel filed Richards' appeal one day late. Our review of the record reveals, however, that the PCRA court, in its final order, did not advise Richards of his appellate rights and time for filing an appeal. *See* Pa.R.Crim.P. 907(4). Thus, a breakdown occurred and we will not quash this appeal as untimely. *See generally*, *Commonwealth v. Patterson*, 940 A.2d 493 (Pa. Super. 2007).

his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether Richards' second petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Richards' judgment of sentence became final on February 12, 2014, thirty days after the time for filing a petition for allowance of appeal to our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Richards had until February 12, 2015, to file a timely petition. Because Richards filed the PCRA petition at issue in 2021, it is patently untimely unless

he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

As noted above, Richards concedes the untimeliness of his petition, but he asserts that the three affidavits mentioned above establish the newly-discovered-fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

- 5 -

Here, the PCRA court first noted that Richards' Rule 1925(b) statement only stated that the PCRA court erred in dismissing his petition without a hearing because "an evidentiary hearing was appropriate regarding the newly discovered witness Lehron Johnson, who was an eyewitness to the shooting in the instant matter." Rule 1925(b) Statement, 10/14/23, at 1. Thus, we find Richards has waived on appeal any claim involving Raksnis or Ms. Williams. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Davis*, 273 A.3d 1228, 1239 n.5 (explaining the appellant's failure to raise specific issue in Rule 1925(b) statement results in waiver).[2]

Addressing Johnson's affidavit, the PCRA court explained why Richards could not establish the newly-discovered fact exception to the PCRA's time bar:

> The last piece of evidence that [Richards] offers is an affidavit from Lehron Johnson, an employee working for Raksnis on the day of the shooting. In the affidavit, Johnson states that he witnessed the shooting and the shooter was not [Richards]. He also states that the shooting occurred after an attempted pickpocketing.
>
> This affidavit did not warrant relief for [Richards]. First, once again, [Richards] failed to explain why this evidence was not available prior to or at trial. The victim of the shooting, [Raksnis], testified at trial on [Richards'] behalf, and as Mr. Johnson's employer, Raksnis should have been able to identify Johnson as being present that day. Without a showing of due diligence on the part of [Richards], the Court is unable to determine why

---

[2] Nonetheless, our review of the record supports the PCRA court's conclusion that Richards did not establish due diligence regarding either witnesses' affidavit. *See* PCRA Court Opinion, 12/13/23, at 4-6.

[Richards] was not able to identify Johnson at trial, who was known to [Raksnis, the only witness called by the defense].

PCRA Court Opinion, 12/13/23, at 6.[3]

Our review of the record supports the PCRA court's conclusion that Richards failed to establish due diligence regarding the statements from any of these witnesses. As noted above, the Commonwealth's answer alerted both the court and Richards to these deficiencies, but Richards neither asked to amend his petition nor provided any further explanation in his Rule 907 response. Regarding Johnson, Richards does not explain why he was unable to locate Johnson as a witness prior to his trial. As the trial court noted, Johnson worked for Raksnis who was the only witness that Richards called to testify on his behalf. Additionally, Richards does not address the PCRA court's waiver finding regarding Raksnis and Williams in his appellate brief. Without establishing due diligence in discovering these affidavits, the PCRA court had no reason to schedule an evidentiary hearing.

In sum, Richards' second PCRA petition was untimely filed, and he failed to establish a time-bar exception. As such, both the PCRA court and this Court lacked jurisdiction to consider its merits. We therefore affirm the PCRA court's order dismissing Richards' petition.

_____

[3] The PCRA court further found that Johnson's proffered testimony that Richards was not the shooter was cumulative and was unlikely to compel a different result. While we do not disagree with these findings, we note that they are not relevant to establishing the time-bar exception. **See Brown**, **supra**.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/21/2025