J-M02001-26 & J-M02002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALFONSO PUGH | : | |
| Petitioner | : | No. 4 WDM 2026 |

Appeal from the Order Entered December 12, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001245-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALFONSO PUGH | : | |
| Petitioner | : | No. 5 WDM 2026 |

Appeal from the Order Entered December 12, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001243-2024

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  May 14, 2026**

Alfonso Pugh has filed petitions for specialized review of the trial court's

December 12, 2025 order denying his October 31, 2025 motion for nominal

bail following a hearing.[1]  ***See*** Pa.R.A.P. 1610 (providing for review of, *inter alia*, an order modifying conditions of release before sentence via petition for specialized review); Pa.R.A.P. 1762(b)(2) (providing an order relating to bail when no appeal is pending is subject to review pursuant to Chapter 16 of Rules of Appellate Procedure); ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024) (holding review of a petition for specialized review involving juvenile out-of-home placement order is mandatory); ***Commonwealth v. Miller***, 319 A.3d 575 (Pa. Super. 2024) (applying ***N.E.M.*** to petitions for specialized review of bail filed under Rule 1610).  The Commonwealth filed answers to the petitions for specialized review.  The trial court's statement of reasons in support of the bail order was received by this Court on March 12, 2026.  ***See*** Pa.R.A.P. 1762(e).

Pugh was charged on April 22, 2024, at CP-26-CR-0001243-2024, with criminal attempt-homicide, conspiracy-criminal homicide, aggravated assault, robbery, burglary, possession of a firearm prohibited, and aggravated cruelty to animals after he and two other men committed a home invasion and shot the victim and his dog.  Pugh was also charged on April 23, 2024, at CP-26-CR-0001245-2024, as to events that occurred on the same day as the shooting:  fleeing or attempt to elude an officer, DUI controlled substance-impaired ability-1st offense; driving license suspended revoked-DUI 3rd or

---

[1] We deem Pugh's petitions timely filed given the prisoner's mailbox rule. ***See Commonwealth v. Brandon***, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

subsequent violation; BAC .02 or greater-2nd offense; use or possession of drug paraphernalia; and summary offenses.

Bail was denied by the magisterial district judge in April of 2024, and the charges in both cases were bound over for trial. Pugh's original motion for nominal bail under Criminal Rule 600(D)(2) (regarding defendant held in pretrial incarceration beyond 180 days from date on which complaint filed) was denied by the trial court on March 28, 2025, following a hearing. Pugh filed another motion for immediate release on nominal bail on October 31, 2025. Following a hearing on December 8, 2025, the trial court denied the bail motion on December 12, 2025, and Pugh remains incarcerated in county prison. His trial is scheduled to commence on June 1, 2026.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). The "scope of review is limited to the record evidence adduced at the bail hearing and the findings of the [trial] court, reviewed in the light most favorable to the prevailing party." *Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). The trial court's denial of bail should be affirmed "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." *Id.*

The right to bail, with certain exceptions, is enshrined in Article I, Section 14 of the Pennsylvania Constitution, providing in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]

Pa. Const. art. I, § 14. Our Supreme Court has concluded that:

> a trial court may deny bail under Article I Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense[;] (2) committed an offense that carries a maximum sentence of life imprisonment[;] or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26. The High Court also provided a non-exhaustive list of factors a trial court should consider in reviewing bail, including: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[2] The Court stated that "[i]f the balance of the

---

[2] These factors largely mirror factors set forth in Criminal Rule 523(A) (relating to release criteria) which include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family

*(Footnote Continued Next Page)*

evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it is simply not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

Additionally, Criminal Rule 600(D)(2) provides as follows:

> (2) Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond [180 days from the date on which the complaint is filed], at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2).

In his petitions for specialized review, Pugh argued that, in light of the fact that the Commonwealth conceded that the Rule 600, 180-day pretrial

---

relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, where he or she appeared as required and complied with the conditions of bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

incarceration period had passed at both bail hearings,[3] the trial court neglected to engage in a complete factual and legal analysis of evidence produced at the hearings regarding his right to nominal bail guaranteed by Article I, Section 14 of the Pennsylvania Constitution. He also claims the court ignored his exculpatory testimony as to his background, failed to offer any written analysis in support of the bail decision, and that there was a lack of competent testimony or evidence adduced by the Commonwealth that he presents a danger to any person and the community, which cannot be abated using any available bail conditions.

In its answers to Pugh's petitions for specialized review, the Commonwealth asks this Court to affirm the denial of nominal bail, which it avers was supported by the law and record. The Commonwealth agrees with the trial court that Pugh is a danger to the community and the victim, which cannot be abated via pretrial services, such as electronic monitoring under house arrest. The Commonwealth submits that the trial court considered the appropriate factors in denying bail, including the significance of the crimes, the possible sentences if convicted, Pugh's familial ties, and his significant criminal history, which includes firearm and flight offenses, such that the Commonwealth views Pugh as a flight risk. According to the Commonwealth, because Pugh testified at the December bail hearing that he intended to enter a guilty plea to new charges involving the introduction of contraband into the

---

[3] *See* N.T., 3/26/25, at 4-5; N.T., 12/8/25, at 5.

prison in June 2025, Pugh remains a danger to society even from within the county prison.

In its statement of reasons from the denial of nominal bail, the trial court concluded that there is no condition or combination of conditions that would reasonably assure the safety of the community. With regard to the crimes charged, the court stated that Pugh's fingerprints were found on the "[victim's] door" and that Pugh was unknown to the victim at the time. Trial Court Statement, 3/9/26, at 1-2 (unnumbered). The court also referred to Pugh's prior criminal history, which includes drug possession with intent to deliver and firearm offenses, resisting arrest, fleeing and eluding, and reckless endangerment in connection with a high-speed chase. The court further noted that Pugh was scheduled to enter a guilty plea for an incident that occurred while incarcerated at the county prison where he was charged with conspiracy in a case involving the shooting of an arrow containing contraband onto the jail grounds. The court did not find Pugh's testimony to be credible that he was accepting a plea for a crime for which he was not involved. Instead, the court opined that Pugh "remains a danger to society even from the confines of the Fayette County Jail." *Id.* The court concluded that Pugh "presents a danger to persons in the community which cannot be abated by any available bail conditions." *Id.*

Our review of the record amply supports the trial court's conclusions. The court properly considered multiple *Talley* factors, including the gravity of the charged offenses, Pugh's significant prior criminal history, which included

conviction for fleeing and eluding, as well as the charge arising from the prison incident, for which the court found Pugh's testimony to be "adverse to [his] argument for nominal bail at this time." *Id.*

In sum, we discern no abuse of discretion in the trial court's denial of bail on the basis that Pugh presents a danger to the community that cannot be abated by any bail conditions. Thus, pursuant to *N.E.M.'s* mandate to consider petitions for specialized review on their merits, we affirm the trial court's December 12, 2025 order.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/14/2026